IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                Case No. 08-20464

                                DISTRICT JUDGE JULIAN ABELE COOK
v.                              MAGISTRATE JUDGE STEVEN D. PEPE

AGGREY COOPER,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY (DKT. #10),
DENYING DEFENDANT'S MOTION TO PRODUCE CONFIDENTIAL INFORMANT (DKT. #12),
GRANTING DEFENDANT'S MOTION TO STRIKE (DKT. #21)
AND
DENYING DEFENDANT'S MOTION FOR ISSUANCE OF SUBPOENA UNDER RULE 17(C)**

Defendant Cooper is charged in a four-count Indictment alleging Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g), Possession with Intent to Distribute Cocaine, in violation of § 841(a)(1), Possession with Intent to Distribute Cocaine Base, in violation of § 841(a)(1) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 21 U.S.C. § 924(c).

On December 16, 2008, Defendant moved for certain discovery (Dkt. #10), to produce a confidential informant linked to his case (Dkt. #12) and for issuance of a subpoena under Rule 17(c). On January 13, 2009, Defendant also moved this Court to strike from the record the Government's Response to Defendant's Motion for Issuance of Subpoena Under Rule 17(c) (Dkt. #21 & #15). All four motions were referred for hearing and determination pursuant to 28

1

U.S.C. 636 (b)(1)(A) (Dkt. #16 & #26). A hearing was held on these matters on February 6, 2009, at which all unresolved issues were heard. For the reasons stated on the record and indicated below, Defendant's motions for discovery (Dkt. #10) and to produce a confidential informant linked to his case (Dkt. #12) are **DENIED**. Defendant's motion to strike (Dkt. #21) is **GRANTED**, but his motion for issuance of a subpoena under Rule 17(c) is **DENIED**.

**I.      Motion for Discovery and Motion to Produce Confidential Informant**

**A.      Motion for Discovery**

On April 8, 2008, based on corroborated information obtained from a confidential informant -- including controlled buys of narcotics from Defendant on March 11 and April 4 -- Detroit police officers executed a state search warrant for Defendant's house in Detroit. Detroit police officers recovered, among other things, eight firearms, powder cocaine, crack cocaine, marijuana, a digital scale, and $1,115 cash. Defendant's wife was present at the house when the officers arrived. She waived her Miranda rights and made a voluntary statement that Defendant sells cocaine from their home, that he had been doing so for three years, and that the weapons belonged to him. When Defendant returned home and spoke with police, he too waived his Miranda rights and admitted that he sells cocaine from their home, that he had been doing so for two years, and that the weapons were his. Defendant has a prior felony record.

Defendant was given the opportunity to cooperate, but he failed to respond. He was charged in a four-count indictment on September 4, 2008, alleging felon in possession of a firearm, possession of cocaine with intent to distribute, possession of cocaine base with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. Defendant was arrested without incident on October 29, 2008. He again waived his Miranda rights and met with

law enforcement in a videotaped session lasting approximately 70 minutes. He again admitted to selling cocaine and possessing the firearms.

Consistent with its obligations under Federal Rule of Criminal Procedure 16, the United States indicates it has provided 175 pages of discovery in this case, which includes Defendant's criminal history; the search warrant, affidavit and return; Defendant's Miranda waiver form, Defendant's written statement; DPD police reports from the events of April 8, 2008; firearms reports; Defendant's wife's Miranda waiver form and written statement; lab reports; interstate nexus reports; and certified copies of Defendant's convictions. The Defendant has also received a copy of the DVD containing his videotaped statement. When defense counsel asked for additional documents relating to the controlled buys, the United States provided DPD activity logs detailing the events of March 11 and April 4, as well as the requests for lab service from these two buys, which were positive for cocaine.

In spite of the documents he has already received, Defendant now seeks 17 different categories of documents, as well as a witness list, disclosure of Jencks material, and notice of 404(b) evidence. In her brief and at the February 6, 2009, hearing held on this matter, counsel for the United States indicated she has made everything in her possession available, and that there were no further notes or other relevant materials to produce. Because the United States appears to have fulfilled its discovery obligations thus far, and has indicated it will continue to cooperate in discovery as this case moves forward, Defendant's motion for discovery (Dkt. #10) is **DENIED**.

      **B.**    **Motion to Produce Confidential Informant**

Defendant contends the affidavit in support of the warrant application relied primarily on the information provided by a confidential informant, CI #2282, and two controlled buys in which the CI contacted the seller and purchased narcotics. According to the affidavit in support of the search warrant, CI #2282 participated in controlled narcotics buys on March 11, 2008, and April 4, 2008. Defendant states the Government has not produced any state law enforcement reports regarding the meeting with CI #2282 or the two controlled buys in which the CI participated. The only reference to law enforcement's involvement with CI #2282 is in Kristopher Richardson's search warrant affidavit. Defendant argues that fundamental fairness and the Defendant's right to prepare a defense necessitate production of the confidential informant.

It is well settled that the Government has the privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). Consequently, "[a]n informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985) (holding that trial court abused its discretion in ordering disclosure of informant's identity based solely on defense counsel's unsworn representations that disclosure would be relevant and helpful to his defense); *Moore*, 954 F.2d at 381 (affirming district court's refusal to compel disclosure of informant where defendant "advanced no more than a simple statement that [informant's] testimony might assist in his defense"); *United States v. Brown*, 3 F.3d 673, 679 (3d Cir. 1993) ("A defendant

who merely hopes (without showing a likelihood) that disclosure will lead to evidence supporting suppression has not shown that disclosure will be 'relevant and helpful to the defense . . . or is essential to a fair determination[.]'") (citing *Rovario*); *United States v. Banks*, No. 08-20209, 2008 WL 2858735, at *2 (E.D. Mich. Jul, 23, 2008) (denying motion to compel production of audio tapes of conversations between defendant and informant during controlled buys where government did not intend to use statements at trial and where defendant failed to show that the likely disclosure of the informant's identity was essential to a fair trial).

Here, Defendant was not charged for the events during the March 11 and April 4 controlled purchases by CI #2282. Defendant does not have to defend against any allegations made by CI #2282, any narcotics sold to CI #2282, or any statements made to CI #2282. CI #2282 was not a witness to the execution of the search warrant at Defendant's house on April 8, 2008. The Government does not presently intend to call CI #2282 as a witness at trial.[1] CI #2282 does not appear to be a witness to the matters charged in the indictment. Thus, Defendant has not has not met his burden under *Roviaro* because he has failed to demonstrate how disclosure of CI #2282's identity would substantially assist his defense or is essential to a fair trial. Under these circumstances, the balancing test favors protection of CI #2282's identity, and Defendant's motion to produce the CI is therefore **DENIED**.

##### II.     Motion To Strike and Motion for Issuance Of Subpoena Under Rule 17(c)

On December 16, 2008, defense counsel submitted an *Ex Parte* Motion for Issuance of Subpoena Under Rule 17(c). A copy of the motion was mailed to Government counsel in

---

[1] At the February 6, 2009, hearing, counsel for the defendant indicated her belief that the CI was deceased.

error. After receiving the subpoena, the Government filed a response arguing that the Defendant is attempting to improperly use Rule 17 as a discovery alternative to Rule 16. Moreover, the Government contends that Defendant has not meet its burden under *United States v. Nixon*, 418 U.S. 683, 698 (1974) (Dkt. #15). Defense counsel requests that the Government's Response be stricken from the record because the motion was submitted *ex parte*, which does not call for a response from the opposing party.

While it is true that Government counsel was sent a copy of the motion in error, the motion was clearly titled as an *ex parte* motion. Furthermore, the motion was not included on the electronic docket, which should have alerted Government counsel to the fact that it was intended to be submitted *ex parte* and did not call for a response. Accordingly, Defendant's motion to strike is **GRANTED**, and the Government's Response to Defendant's Motion for Issuance of Subpoena Under Rule 17 (c) (Dkt. #15) is stricken from the docket.

As noted above, it was determined at the February 6, 2009, hearing that the Government was in compliance with its current discovery obligations, and that no further responses were required at this time. Counsel for the government at the hearing also confirmed that Kristopher Richardson has no other notes or reports that were made during the state investigation other than his affidavit supporting the search warrant application. Thus the subpoena would produce nothing. Had there been any other state reports or documents, it was noted that an *in camera* review would have been appropriate if the government was unwilling to have them produced. Accordingly, Defendant's Motion for Issuance of Subpoena Under Rule 17(c) is **DENIED**.

The parties to this action may object to and seek review of this Order, within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR

72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.

**SO ORDERED**.

Dated: February 18, 2009          s/Steven D. Pepe
Ann Arbor, MI          United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 18, 2009 .

         s/Jermaine Creary
         Deputy Clerk